# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES D. VANCE,

    Plaintiff,

v.

    Civil Action 2:09-cv-01006
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge E.A. Preston Deavers

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff, James D. Vance, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance Benefits. This matter is before the Court for consideration of the Commissioner's February 17, 2011 Objections (ECF No. 18) to United States Magistrate Judge Elizabeth A. Preston Deavers' February 4, 2011 Report and Recommendation (ECF No. 17), recommending that the Court reverse the Commissioner of Social Security's non-disability finding and remand this case to the Commissioner and the ALJ under Sentence Four of § 405(g). For the reasons stated below, the Court **OVERRULES** the Commissioner's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, the Court **REVERSES** the Commissioner's non-disability finding and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with the Magistrate Judge's Report and

Recommendation.

I.

According to Plaintiff Vance, he became disabled on January 14, 2002, after suffering an accident at the company where he worked. He injured his ilioinguinal nerve in the accident, affecting his back, legs, and pelvic area. Plaintiff filed his application for disability insurance benefits on August 1, 2005. His application was denied initially and again upon reconsideration. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ").

On April 24, 2008, the ALJ held a hearing at which Plaintiff, who was not represented by counsel, appeared and testified. When the ALJ asked Plaintiff why he was holding himself onto the arms of his chair, Plaintiff replied that his back and pelvic area were presently bothering him. He testified that he experienced this pain after for sitting just a short while. Upon the ALJ's inquiry as to how long he could be seated before having to brace himself with his hands, Plaintiff responded, "[a]bout 20, 30 minutes." (R. at 309.) If the chair did not have arms, Plaintiff indicated that he would have to get up and walk for a few minutes before he could sit back down for another 20 or 30 minutes. When the ALJ asked Plaintiff to clarify what he needed to do to obtain relief after sitting, Plaintiff reported that he would need to get up and walk for 20 or 30 minutes, but that the amount of time he needed to walk varied depending on whether he was having a good day or a bad day. Plaintiff also testified that he could be on his feet about 30 to 45 minutes maximum or walk 1 to 3 blocks before his knees bothered him.

A vocational expert ("VE") also appeared and testified. He testified that a hypothetical person with Plaintiff's vocational profile and limited to lifting 15 pounds occasionally and less than 10 pounds frequently, standing for only 4 hours, and not reaching overhead with his left

2

arm, could perform a full range of sedentary work. If, however, that same individual needed to walk around for up to 20 minutes after sitting for more than 20 or 30 minutes, the VE testifed that the individual would not be able to do sedentary work.

The ALJ issued a partially favorable decision on June 8, 2008. He concluded that Plaintiff's ilioinguinal nerve disorder was disabling from January 14, 2002, to August 28, 2003 (the closed period), but not thereafter. He found that Plaintiff's condition had improved as of August 28, 2003, such that he could perform work involving lifting 15 pounds occasionally, less than 10 pounds frequently, being on his feet for 4 hours in an 8-hour workday, and no reaching overhead with his left arm. The ALJ relied on the VE's testimony to conclude that as of August 28, 2003 (the current period), Plaintiff could do a full range of sedentary work. He therefore concluded that Plaintiff was not disabled during the current period under the Social Security Act.

The Appeals Council reopened the ALJ's decision on March 10, 2009. On May 21, 2009, the Appeals Council issued its final decision, reversing the ALJ's partially favorable decision and finding that Plaintiff was "not entitled to a period of disability or disability insurance benefits based on disability commencing on January 14, 2002 and ending with August 28, 2003." (R. at 9–13.) The Council explained in its decision as follows:

> The Administrative Law Judge found that, based on an application the claimant filed on July 19, 2005, the claimant is entitled to a period of disability beginning January 14, 2002 and ending on August 28, 2003.
>
> Sections 216(i) and 223(c) of the Social Security Act provide that an application for a period of disability and disability insurance benefits must be filed while the person is disabled or no more than 12 months after entitlement would have ended. With regard to a period of disability, the time for filing may be extended if the applicant had a physical or mental condition which rendered him incapable of executing an application (20 CFR 404.621(d) and 404.322). The claimant has made no contention in this regard.

3

> Based on disability ceasing due to medical improvement on August 28, 2003, the last month the claimant would have been entitled to disability benefits would have been October 2003. Thus, to have been entitled to disability benefits, he had to file an application no later than October 2004.

(R. at 12–13.) The Appeals Council noted that in reaching its decision, it adopted the ALJ's "statements regarding the pertinent provisions of the Social Security Act, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable," but it did not adopt the ALJ's "findings or conclusions regarding whether the claimant is entitled to a period of disability or disability insurance benefits." (R. at 12.)

Plaintiff then timely commenced the instant action. In his Statement of Errors, Plaintiff asserted that in re-opening the case, and in adopting some of the ALJ's statements and findings, the Appeals Council "reintroduced the opportunity" to challenge those portions of the ALJ's opinion that the Appeals Council adopted and whether the ALJ fulfilled his promise of a full and fair hearing. (Pl.'s Statement of Errors 2, ECF No. 10.) Plaintiff then advanced several arguments in support of his assertion that the decision of the Commissioner denying benefits should be reversed, including his assertion that the ALJ erred in failing to evaluate and make findings concerning the credibility of his testimony regarding his pain.

The Magistrate Judge, in her Report and Recommendation, first recommended the conclusion that Plaintiff is able to obtain judicial review of those portions of the ALJ's decision upon which the Appeals Council relied in reaching its decision, including the ALJ's findings of when Plaintiff's disability commenced and ended due to improvement. She then recommended that the Court reverse the Commissioner's non-disability findings and remand this case for further consideration based upon the ALJ's failure to evaluate and make findings concerning the

credibility of Plaintiff's testimony regarding his pain.

The Commissioner filed his Objections to the Magistrate Judge's Report and Recommendation on February 17, 2011, challenging her findings concerning the availability of judicial review and the ALJ's credibility assessment. (ECF No. 18.)

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice withing which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner

5

will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III.

The Commissioner first objects "to the Magistrate Judge's finding that the Appeals Council adopted or relied on the ALJ's findings or conclusions." (Def.'s Objections 1, ECF No. 18.) The Commissioner contends that the Appeals Council reopened the decision solely to rectify an error of law and did so "[w]ithout considering the ALJ's specific findings and conclusions." (*Id.* at 2.) The Commissioner contends that under these circumstances, Plaintiff cannot challenge the ALJ's decision. The Commissioner relies on *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1986) (*en banc*), for support.

The Commissioner raised these precise arguments before the Magistrate Judge. She rejected them as follows:

> The undersigned disagrees with the premise that the Appeals Council did not adopt or rely on any of the ALJ's findings or conclusions. A review of the two-page Decision makes clear that the Appeals Council necessarily relied on the ALJ's findings with regard to when Plaintiff's disability commenced and ended. As the Commissioner put it, "[t]he Appeals Council reopened its decision solely to rectify an error of law pertaining to the favorable aspect of the ALJ's decision." (Mem. in Opp. 8, ECF No. 16.) In rectifying this error, the Council made no independent, conflicting findings and conclusions concerning when Plaintiff's disability began or ended, but instead adopted and relied on the ALJ's findings concerning this issue. Thus, this Court must review these adopted portions of the ALJ's opinion as the final decision of the Secretary. *See Taylor*, 1996 WL 400175 at *4 n.2; *Brooks*, 1991 WL 158744 at *1.

> *Besaw*, cited by the Commissioner, is readily distinguishable. In *Besaw*, the ALJ found that the claimant was disabled for the closed period between May 10, 1985, and March 21, 1988. 966 F.2d at 1029. The Appeals Council declined

6

> to adopt the ALJ's findings, and instead issued a more favorable ruling that the claimant had a continuing disability that began on December 3, 1984. *Id.* The claimant appealed, seeking an even earlier onset date for his disability. *Id.* at 1030. He argued that the ALJ was biased because he had ruled against him in a previous case. *Id.* The United States Court of Appeals for the Sixth Circuit affirmed the district court's rejection of this argument, explaining that: "the Appeals Council specifically rejected the ALJ's findings and conclusions regarding [the claimant's] period of disability. Thus, any bias by the ALJ would not have affected the Secretary's final decision." *Id.* In contrast, in this case, the Appeals Council adopted and relied upon the ALJ's findings concerning when Plaintiff's disability commenced and ended due to improvement. Thus, errors in the ALJ's determination relating to these findings *could* affect the Secretary's final decision.
>
> In sum, the undersigned recommends that the Court conclude that Plaintiff may obtain judicial review of those portions of the ALJ's decision upon which the Appeals Council relied in reaching its Decision, including the ALJ's findings of when Plaintiff's disability commenced and ended due to improvement.

(Report and Recommendation 11–13, ECF No. 17.)

The Court agrees with the Magistrate Judge's analysis and adopts her recommendation. The Appeals Council's statement that it did not adopt the ALJ's findings and conclusions extended only to the ALJ's "findings or conclusions regarding whether the claimant is entitled to a period of disability or disability insurance benefits." (R. at 12.) As set forth above, in explanation of its decision, the Appeals Council stated that "*[b]ased on disability ceasing due to medical improvement on August 28, 2003*, the last month claimant would have been entitled to disability benefits would have been October 2003." (R. at 12–13 (emphasis added).) Thus, the Appeals Council necessarily adopted the ALJ's findings concerning when Plaintiff's disability commenced and ended due to improvement. Accordingly, the Court finds that the Commissioner's first objection is not well-taken. It is therefore **OVERRULED.**

Next, the Commissioner objects to the Magistrate Judge's finding that the ALJ failed to evaluate and make findings regarding Plaintiff's credibility during the current period. The

7

Commissioner maintains that the ALJ sufficiently "considered all of Plaintiff's complaints and the medical evidence, and reasonably determined that the objective clinical medical findings as of August 28, 2003 do not support Plaintiff's allegations of disabling symptoms." (Def.'s Objections 4, ECF No. 18.)

The Magistrate Judge considered and analyzed these very same arguments as follows:

> Whether or not the ALJ found Plaintiff to be disabled during the current period hinged upon his assessment of the credibility of Plaintiff's testimony. At the hearing, the ALJ observed Plaintiff holding himself onto the arms of the chair. (R. at 308.) Plaintiff explained that he was experiencing back and pelvic pain. (*Id.*) Upon further inquiry, Plaintiff testified that after being seated for 20 to 30 minutes, he needed to get up and walk around for up to 20 to 30 minutes. The VE testified that adding this limitation to the RFC set forth by the ME—whose RFC the ALJ adopted for the current period (R. at 27)—would render the hypothetical individual unable to do sedentary work, requiring a finding of disabled. (R. at 319.) After the VE testified, the ALJ acknowledged the significance of Plaintiff's testimony to him at the hearing: "Of course your testimony indicates that you might have a problem [with doing sedentary work], but that's why I want to review the file and make a decision and advise you as soon as I can." (R. at 320–21.)
>
> Despite the significance of the ALJ's credibility assessment, the administrative decision contains no indication that the ALJ even considered Plaintiff's testimony in determining his RFC. The ALJ's decision contains no mention of Plaintiff's testimony; the ALJ's RFC for the current period does not contemplate the option to stand for 20 to 30 minutes after being seated for 20 to 30 minutes.
>
> To be upheld, an ALJ's decision must be reasonable in light of the record as a whole and "take[] into account whatever in the record fairly detracts" from the decision. *Claiborne-Hughes Health Ctr. v. Sebelius*, 609 F.3d 839, 843 (6th Cir. 2010). "'[F]ailure to consider the record as a whole undermines the [Commissioner's] conclusion.'" *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 776 (6th Cir. 2008) (quoting *Hurst v. Sec'y of Health & Human Serv.*, 753 F.2d 517, 519 (6th Cir. 1985)). Consequently, the Sixth Circuit has held:
>
>> In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is "substantial" only when considered in isolation. It is more than merely "helpful" for the

8

> ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007) (quoting *Hurst*, 753 F.2d at 519); *see also Adkins v. Astrue*, No. 2:10-cv-030, 2010 WL 4939953, at *10 (S.D. Ohio Oct. 8, 2010) ("'[T]he administrative law judge must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position.'") (quoting *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)).

Here, the ALJ's failure to consider and assess the credibility of Plaintiff's testimony undermines his decision and deprives this Court of its ability to conduct meaningful judicial review. The Commissioner urges the Court to afford deference to the ALJ's credibility finding, asserting that "[t]he ALJ was entirely justified in not accepting Plaintiff's allegations of greater limitations." (Mem. in Opp. 13, ECF No. 16.) Although the Court agrees that "[t]he ALJ's assessment of credibility is entitled to great weight and deference," *Infantado v. Astrue*, 263 F. App'x 469, 475 (6th Cir. 2008), here, there is no assessment to evaluate. Further, the ALJ, and not this Court, must decide the question of Plaintiff's credibility. *See Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (citation omitted) ( "We will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility."). Consequently, remand under these circumstances is warranted.

(Report and Recommendation 13–15, ECF No. 17.)

Again, the Court agrees with the Magistrate Judge's analysis and adopts her recommendation. Notably, in his Objections, the Commissioner does not refute the Magistrate Judge's observation that the ALJ's decision fails to mention, let alone consider, Plaintiff's testimony at the hearing. The Court therefore **OVERRULES** the Commissioner's second objection.

### IV.

The Court, having reviewed the record *de novo*, determines that Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). Accordingly, the Court **OVERRULES** the Commissioner's Objections (ECF

9

No. 18), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17), **REVERSES** the Commissioner of Social Security's non-disability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

3-28-2011
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**